UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
CACACE ASSOCIATES, INC;             :
                                    :
    Plaintiff,                      :    Civil Action No. 3:07-cv-5955-FLW
                                    :
                                    :
    v.                              :
                                    :
SOUTHERN NEW JERSEY BUILDING        :
LABORERS DISTRICT COUNCIL, et al.,  :
                                    :
                                    :    **OPINION**
    Defendants.                     :
                                    :
_____ :

**WOLFSON, United States District Judge:**

    Presently before the Court are Motions brought by Plaintiff Cacace Associates, Inc. ("Plaintiff" or "Employer") to re-open the above-captioned matter[1] and vacate the arbitration award entered on July 15, 2008, arising out of a dispute with Defendants, Southern New Jersey Building Laborers District Council, Northern New Jersey Building Laborers District Council, Central New Jersey Building Laborers District Council (collectively "the Union"), New Jersey Building Laborers Statewide Benefit Funds, New Jersey Building Laborers Statewide Welfare Fund, New Jersey Building Laborers Statewide Annuity Fund, New Jersey State Political Action Committee, Laborers' - Employers' Cooperation and Education Trust, New Jersey Laborers'

---

[1] Defendants do not oppose Plaintiff's Motion to re-open the case. To the contrary, as stated infra, Defendants ask this Court to confirm the arbitration award. As such, the Court shall re-open the case and determine whether the Arbitrator's award should be upheld pursuant to the Federal Arbitration Act ("FAA").

1

Health and Safety Fund, Building Laborers' of New Jersey Training and Education Fund, and Building Contractors Association of New Jersey Industry Advancement Fund (collectively "Funds").  Defendants also move this Court to confirm the arbitration award entered on July 15, 2008, asserting that the arbitrator reasonably construed the parties' Collective Bargaining Agreement ("CBA").  For the reasons that follow, Plaintiff's Motion to Vacate the Arbitration Award is denied.  In addition, the Court grants Defendants' Cross-Motion to Confirm the Arbitration Award.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 2, 2002, Northern New Jersey Building Laborers District Council, Central New Jersey Building Laborers' District Council and the Southern New Jersey Building Laborers District Council (collectively "the Union") signed the CBA, to which Plaintiff became a party via a Short Form Agreement executed on November 11, 2002. Pl.'s Compl. ¶¶7-8.  As a result of a Declaration of Trust of the Funds, Plaintiff was required to make contributions to the Funds.  Certification of Michael G. McNally ¶9.  Sometime in 2005, Defendants sought an audit of Plaintiff's books.  Pl.'s Br. pg. 3-4.  Plaintiff refused to comply and Defendants sought an arbitration hearing to resolve the matter.  In May 2006, the Union and Plaintiff entered into a settlement agreement, which specifically stated that "Upon receipt of the payments specified above, the Southern New Jersey Building Laborer's District Council will release Cacace Associates, Inc. from any and all claims accrued to date."  Compl. ¶9; Declaration of Desmond O'Neill ("O'Neill Decl."), Settlement Agreement.  The settlement agreement was memorialized and signed by Defendants' counsel on May 22, 2006.  Compl. ¶9.  On June 16, 2006, the Union informed the arbitrator that the matter had been resolved.

On November 17, 2006, Defendants, through their counsel, requested that Plaintiff submit to an audit that included an inquiry into contributions owed before May 22, 2006, beginning on November 19, 2002.  Id. ¶10.  Plaintiff objected, stating that the settlement agreement precluded Defendants from pursuing any claims related to contributions before May 22, 2006, rendering an audit moot. Id.

As a result of this disagreement, Plaintiff contends that Defendants sought an arbitration hearing to determine whether the settlement agreement precluded an audit of records before May 22, 2006.  Id. Defendants intimated to Plaintiff that the arbitration would occur regardless of Defendant's response. Id. ¶11. In order to avoid an arbitration hearing, Plaintiff scheduled the requested audit on July 19, 2007.  Id. ¶12. The audit was eventually initiated on August 16, 2007, however Defendants' auditor refused to complete it that day.  Id.  Plaintiff alleges, that "notwithstanding "[Plaintiff's] scheduling of the audit, Defendant Funds participated in an ex parte arbitration hearing before Arbitrator J.J. Pierson, Esq. . .without effective notice to, or participation by, [Plaintiff]" on July 23, 2007. Id. ¶13.

Plaintiff filed a Complaint in the United States District Court in the District of New Jersey on December 14, 2007 seeking to vacate the arbitration award obtained without its participation  On January 3, 2008, this Court entered a 60 day Order dismissing the case as settled, whereby the parties would submit to another arbitration hearing or settle the matter in another fashion.  On February 13, 2008, this Court entered an Order extending time to consummate the settlement. On April 17, 2008, the Court again entered an Order which modified this Court's previous Order dismissing the case, providing the parties an additional forty-five days through June 15, 2008, to re-open the case if an agreement could not be reached.  On July 15, 2008, J.J. Pierson, Esq., the

arbitrator for the dispute ("Arbitrator"), entered an Award in favor of Defendants and ordered Plaintiff pay the arbitration fees, totaling $2,500.00. On August 14, 2008, Plaintiff filed this Motion to re-open the case and vacate the Arbitrator's award. For the reasons that follow, Plaintiff's Motion to Vacate the Arbitration Award is denied and Defendants' Cross-Motion to Confirm the Arbitration Award is granted.

## II. DISCUSSION

### A. Standard of Review

Pursuant to the Federal Arbitration Act ("FAA"), there is a strong presumption in favor of enforcing arbitration awards. Brentwood Medical Associates v. United Mine Workers of America, 396 F.3d 237, 241 (3d Cir. 2005). The Act underscores the overarching federal policy favoring arbitration to resolve labor disputes. Major League Baseball Players Association v. Garvey, 532 U.S. 504 (2001); see also Penntech Papers, Inc. v. United Paperworkers Int'l Union, 896 F.2d 51, 53 (3d Cir. 1990) (finding that the overwhelming presumption in favor of arbitration awards "protect[s] the benefits of labor arbitration, namely, speed, flexibility, informality, and finality."). Accordingly, a district court may only vacate an arbitrator's award in rather limited circumstances:

> (1) where the award was procured by corruption, fraud or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. §10(a); see also United Transp. Union Local 1589 v. Suburban Transit Corp., 51 F.3d

376, 379 (3d Cir 1995). "As long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely ' his own brand of industrial justice,' the award is legitimate." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987) (quoting Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960); Exxon Shipping Company v. Exxon Seamen's Union, 801 F. Supp. 1379, 1384 (3d Cir. 1992). Recently, the Second Circuit expounded on the rationale behind the deference to an arbitration award:

> Vacatur of an arbitral award is unusual for good reason: The parties agreed to submit their dispute to arbitration, more likely than not to enhance efficiency, to reduce costs, or to maintain control over who would settle their disputes and how-or some combination thereof.

Stolt-Nielsen SA v. AnimalFeeds International Corp., 548 F.3d 85, 92 (2d Cir. 2008). In addition, a court may vacate an arbitration award if the arbitrator's decision is wholly unsupported by the agreement's plain language or the arbitrator fails to adhere to basic principles of contract construction. News Am. Publications, Inc., Daily Racing Form Div. v. Newark Typographical Union, Local 103, 921 F.2d 40, 41 (3d Cir. 1990); Exxon Shipping, 801 F. Supp. at 1384.

This Court may not "sit as the panel did and reexamine the evidence." Mutual Fire, Marine, & Inland Ins. Co. v. Norad Reins. Co., Ltd., 868 F.2d 52, 56 (3d Cir.1989). Thus, if an "arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'" Eastern Associated Coal Corp. v. United Mine Workers of America, District 17, 531 U.S. 57, 62 (2000) (quoting Misco, 484 U.S. at 38). In other words, it is not within the province of this Court to substitute its judgment for that of an arbitrator's, however injudicious it may be.

Rather, Congress' intent in passing the FAA and concurrent policy considerations guide this Court's obligation to uphold an arbitrator's judgment if the decision, on its face, was drawn from the parties' agreement or is remotely based on reasonable contractual interpretation. See United Trans. Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376, 379 (3d Cir.1995).

Alternatively, courts have vacated arbitration awards in instances where the arbitrator demonstrates a manifest disregard for the applicable law.  Although not explicitly enumerated as a grounds for vacataur under the FAA, the Third Circuit has recognized the "manifest disregard of the law doctrine [as] a judicially-created one that is to be used 'only [in] those exceedingly rare circumstances where some egregious impropriety on the party of the arbitrators is apparent, but where none of the provisions of the [FAA] apply." Black Box Corp. v. Markham, 123 Fed. Appx. 22, 25 (3d Cir. 2005). To prevail under this doctrine, the moving party must demonstrate that the arbitrator ignored law that was "well defined, explicit, and clearly applicable to the case." Koken v. Cologne Reinsurance (Barb.) Ltd., No. 98-0678, 2006 U.S. Dist. LEXIS 59540, at *6, 2006 WL 2460902 (M.D.Pa. Aug. 23, 2006); O'Leary v. Salomon Smith Barney, Inc., No. 05-6016, 2008 WL 5136950, at *4 (D.N.J. Dec. 5, 2008).

In the instant matter, Plaintiff seeks to vacate the Arbitrator's Award which (1) compels an audit; and (2) orders Plaintiff to pay the Arbitrator's fee of $2,500.  The Court will discuss each in turn.

**B. Plaintiff's Motion to Vacate Arbitrator's Award to Compel an Audit of Plaintiff's Books**

Initially, Plaintiff argues that the Arbitrator exceeded his powers when he determined that the May 22nd settlement agreement between the Union and Plaintiff did not bind the Funds.  In

6

response, Defendants direct this Court's attention to various provisions of the CBA that explicitly give rise to a right on the part of the Funds to inspect Plaintiff's books.  Plaintiff attempts to abdicate its burden of proof to Defendants, demanding that Defendants demonstrate how the Arbitrator's decision draws from the essence of the agreement.  However, it is Plaintiff who must clearly demonstrate that the Arbitrator, in coming to his decision, wholly disregarded the underlying agreement.  AAMCO Transmissions, Inc. v. Sally, No.08-151, 2008 WL 5272449, at *3 (E.D. Pa. Dec. 17, 2008).  Plaintiff's argument is quizzical.  On one hand, Plaintiff asks this Court to vacate the Arbitrator's decision because the Arbitrator, in determining the settlement agreement did not apply to the Funds, resolved a question of state law.  On the other hand, Plaintiff petitioned the Arbitrator to apply res judicata and collateral estoppel during the Arbitration, essentially binding the Funds to the settlement agreement made on May 22, 2006 as a matter of law.[2]  Indeed, the Court cannot gather from Plaintiff's briefing what exactly the Arbitrator was supposed to do with the May 22nd agreement.  Presumably, the crux of Plaintiff's argument is that the Arbitrator is free to apply state contract law if he does so in a way favorable to Plaintiff's position.  Obviously, the Court finds this argument meritless and unconvincing.

Moreover, Plaintiff contorts the Supreme Court's language in Barrentine v. Arkansas-Best Freight System, Inc., which Plaintiff claims bars the Arbitrator from making any determinations as to the bounds of the May 22nd settlement agreement.  In construing the bounds of an arbitrator's power in resolving a dispute according to a collective bargaining agreement, the Supreme Court stated:

---

[2]In addition, Plaintiff petitions this Court to apply the doctrine of res judicata and collateral estoppel in the case at bar.

> [T]hough a particular arbitrator may be competent to interpret and apply statutory law, he may not have the contractual authority to do so. An arbitrator's power is both derived from, and limited by, the collective-bargaining agreement. Gardner-Denver, 415 U.S., at 53, 94 S.Ct., at 1022. He "has no general authority to invoke public laws that conflict with the bargain between the parties." Ibid. His task is limited to construing the meaning of the collective-bargaining agreement so as to effectuate the collective intent of the parties.

Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 744-45 (1981). Plaintiff cites to no provision of the CBA barring the Arbitrator from interpreting and applying basic contractual interpretation principles to the CBA or any related agreements. In order to resolve the issue in dispute, the Arbitrator was obligated to determine the bounds of the May 22nd agreement and determine whether the Funds were bound by the claims release. In fact, Plaintiff submitted the settlement agreement and other relevant documents to support its position that the settlement agreement precluded the Funds from seeking an audit before May 22, 2006. Notwithstanding these submissions and the arguments presented to the Arbitrator, Plaintiff now seeks to circumvent the Arbitrator's findings because it is displeased with his interpretation, couching its argument in terms of one of the enumerated grounds for vacataur under the FAA.

In support of his decision, the Arbitrator cites Article 15:50 of the CBA, which states, "trustees and insurers shall also have the right to inspect at all reasonable times the payroll, employment and such other records of the Employer as are pertinent to questions of the accuracy or comprehensiveness of the reports of the Employer's." Declaration of Margaret Carmeli ("Carmeli Decl."), Exh. 5, Arbitrator's July 15, 2008 Decision, ¶ D (quoting CBA Art. 15:50). This provision is unequivocally clear: the Funds have a right to seek an audit to enforce their rights under the CBA. Further, that right is not explicitly impeded or subservient to the interests or actions of the Unions. In determining that the Funds had an explicit right under the CBA to an

audit of Plaintiff's books, the Arbitrator made another finding that the Union could not bind the Funds to a settlement agreement. Plaintiff proffered no evidence to demonstrate such an interpretation was irrational as no evidence or papers were presented that definitively show the Union and its representatives had the authority to bind the Funds to the May 22nd agreement.[3] Although Plaintiff's representatives may have interpreted the settlement agreement as binding on the Funds, such an interpretation would only give rise to an ambiguity, one to be resolved by the Arbitrator in this instance. Simply put, although another arbitrator or a court may disagree with the Arbitrator's interpretation of the settlement agreement, the FAA does not permit a court to whimsically vacate an arbitration award based on mere disagreement with an arbitrator's reasonable interpretation of the contractual language. News America Publications, Inc. v. Newark Typographical Union, Local 103, 918 F.2d 21, 24 (3d Cir.1990) (finding that courts may not overturn an arbitration award due to simple disagreement); see also Roberts & Schaefer Co. v. Local 1846, United Mine Workers, 812 F.2d 883, 885 (3d Cir.1987) ("even when the award was dubious, and the result one that we would not have reached had the matter been submitted to the court originally, we have upheld the arbitrator's decision"). Accordingly, Plaintiff's Motion to

---

[3] The Court notes that Plaintiff underscores some evidence in its moving papers that it believes clearly demonstrates privity between the Funds and the Union. For example, Plaintiff provides the names of individuals who are in someway connected to both the Union and the Funds. See O'Neill Decl., Exh. 5. Moreover, in cursory fashion, Plaintiff argues that the fact the Union and the Funds used the same law firm to represent them in actions arising from this dispute, including the case at bar, is highly probative of its position that the Union could bind the Funds to a settlement agreement. However, absent from any of this documentation or patchwork evidence is explicit consent or waiver in the settlement agreement that the Union's actions bound the Funds.

Vacate the Arbitration Award compelling an audit is denied.[4]

**C. Plaintiff's Motion to Vacate Arbitrator's Award of Arbitrator's Fees**

In addition, Plaintiff contests the Arbitrator's decision ordering Plaintiff to pay all of the arbitrator's fees, arguing that such a decision is outside the bounds of the CBA. This Court disagrees. Turning to the CBA, Article 15:30 explicitly states that "in the event the Employer is delinquent in the payment of contributions to the Funds, or wages, the delinquent Employer shall also be required to pay attorneys' fees and court and arbitration costs." Carmelli Decl., Exh. 5, Arbitrator's Decision (quoting CBA). Presumably, the Funds seek an audit to enforce their rights to collect any delinquencies in collection, a right explicitly authorized in Article 15 of the CBA. See Id. The Arbitrator reasonably concluded that any act taken in furtherance of Article 15 and the costs associated with it came at the expense of Plaintiff. As such, Plaintiff's Motion to Vacate the Arbitration Award mandating that Plaintiff pay arbitration costs is denied.

---

[4]The Court need not determine whether the Arbitrator demonstrated a manifest disregard for the law because Plaintiff fails to enunciate a clear, explicit legal rule that the Arbitrator acknowledged and subsequently disregarded in making his decision. Recently, the Supreme Court cast doubt on the viability of the manifest disregard of law doctrine, finding that manifest disregard of the law was not one of the enumerated, exclusive grounds for vacataur under Section 10 of the FAA. Hall Street Associates v. Mattel, Inc., 128 S.Ct. 1396, 1405 (2008). In light of Hall Street, circuit courts have differed over whether the manifest disregard doctrine survives. Ramos-Santiago v. United Parcel Service, 524 F.3d 120, 124 n. 3 (1st Cir. 2008) (finding that the doctrine of manifest disregard does not survive the Court's holding in Hall Street); Stolt-Nielsen SA., 548 F.3d at 95 (finding that Hall Street "did not. . .abrogate the 'manifest disregard' doctrine altogether."). Notwithstanding, the threshold for a showing of manifest disregard of the law remains high. Ultimately, a party seeking relief from an arbitration award must demonstrate "more than error or misunderstanding with respect to the law," but rather a complete disregard for well-settled legal principle. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker, 808 F.2d 930, 933 (2d Cir.1986); Black Box Corp, 127 Fed. Appx. at 25. Indeed, the law cited by Plaintiff confirms that a determination as to privity between parties is "necessarily imprecise" and to be determined using a "more pragmatic case-by-case approach." Pl.'s Br. pg. 19 (quoting Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 337-38 (1996)). Again, this Court may not vacate an arbitration award over a mere disagreement over the correct application of law.

**D. Defendants' Cross-Motion to Confirm**

Turning to Defendants' Cross-motion, Defendants seek confirmation of the Arbitrator's Award.  Under the FAA, this Court, "[o]n an application for an order confirming [an] arbitration award. . .'must grant' the order 'unless the award is vacated, modified, or prescribed in sections 10 and 11 of this title.'" Hall Street Associates v. Mattel, Inc., 128 S.Ct. 1396, 1405 (2008).  As held supra, this Court has previously determined that there are no viable grounds to vacate the Arbitrator's award pursuant to Sections 10 or 11 of the FAA.  Accordingly, this Court grants Plaintiff's Cross-motion to confirm the Arbitrator's award.

**III. CONCLUSION**

For the foregoing reasons, the case is re-opened, Plaintiff's Motion to Vacate the Arbitration Award is denied, and Defendants' Cross-motion to Confirm the Arbitration Award is granted.


Dated: February 19, 2009                                            /s/ Freda L. Wolfson
                                                                    **Freda L. Wolfson, U.S.D.J.**